UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANDRA KISHOR, | Case No. 2:23-cv-01584-KJM-JDP (PC) |
| Plaintiff, | ORDER SCREENING PLAINTIFF'S COMPLAINT, GRANTING HIS MOTION TO PROCEED *IN FORMA PAUPERIS*, DENYING HIS REMAINING MOTIONS TO PROCEED *IN FORMA PAUPERIS*, MOTION FOR AN EXTENSION OF TIME, AND MOTION TO WAIVE THE FILING FEES |
| v. | |
| PARVINA BEN JILLIAN, *et al.*, | |
| Defendants. | |
| | ECF Nos. 1, 4, 10, 11, 12, & 14 |

Plaintiff, a county inmate proceeding without counsel, brings this action against his ex-wife, Parvina Ben Jillian, and Sutter Health. Plaintiff has filed three motions to proceed *in forma pauperis*, a motion for an extension of time to file a motion to proceed *in forma pauperis*, and a motion to waive the filing fees.[1] The complaint fails to allege a cognizable claim; thus, I will dismiss it and grant plaintiff an opportunity to amend his complaint.

---

[1] Plaintiff's motion to proceed *in forma pauperis* at ECF No. 14 makes the required showing and will be granted. His remaining two motions to proceed *in forma pauperis* and motion for extension of time are denied as moot. ECF Nos. 4, 10, & 12. Additionally, his motion to waive the filing fees, ECF No. 11, is denied. *See Reed v. Newsom*, No. 3:20-CV-2439-AJB-MDD, 2021 WL 3406283, at *2 (S.D. Cal. Aug. 4, 2021) ("[Section] 1915 no longer provides any authority for courts to waive full payment of the filing fee required by § 1915(b)(1).").

1

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

The complaint's allegations are difficult to discern. The complaint alleges that in 1994 pots and pans fell on plaintiff's daughter's head at a Walmart in Elk Grove. ECF No. 1 at 2-3. He claims that his daughter was treated at the hospital for whiplash and that while she was being treated, her mother and Sutter Health medical professionals "simulated" her with cornstarch and

meningitis to give her cystic fibrosis. *Id.* at 2-4. The complaint claims that plaintiff's ex-wife filed a false insurance claim without his knowledge for his daughter's injuries. *Id.* The complaint appears to allege that, in 1996, plaintiff's ex-wife hired "teen gangsters" to rob his home and kill him. *Id.* at 4-5. Plaintiff claims that his ex-wife tried to make him sign an insurance claim for the robbery, and when he refused, she tried to behead him with a machete. *Id.* at 5. The complaint also claims that plaintiff's "divorce attorney judge" was killed by his ex-wife's neighbor in 1997. *Id.* at 4-5.

This complaint asserts that it is a qui tam action, and that plaintiff is acting as a relator on his daughter's behalf, seeking $195,000,000. *Id.* at 4. The complaint lists claims arising under Racketeer Influenced and Corrupt Organizations Act ("RICO"), California's Insurance Frauds Prevention Act ("IFPA"), California False Claims Act ("CFCA"), Anti-Kickback Statute ("AKS"), and other California government codes.

The complaint cannot proceed past screening. The factual allegations are frivolous. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."). Additionally, plaintiff has not alleged the proper basis for a qui tam action, and he cannot sustain one proceeding pro se. *See U.S. ex rel. Barajas v. United States*, 258 F.3d 1004, 1005 (9th Cir. 2001); *Stoner v. Santa Clara County Office of Educ.*, 502 F.3d 1116, 1127 (9th Cir. 2007) (holding that "a pro se relator cannot prosecute a *qui tam* action on behalf of the United States"). Finally, while the complaint does not state a cognizable claim, plaintiff is warned that his claims may be outside applicable statutes of limitations since many of the alleged events occurred more than twenty-five years ago.

I will allow plaintiff a chance to amend his complaint before recommending that this action be dismissed. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended

3

complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motions to proceed *in forma pauperis*, ECF Nos. 4 & 12, are denied as unnecessary.

2. Plaintiff's motion for an extension of time to file an application to proceed *in forma pauperis*, ECF No. 10, is denied as moot.

3. Plaintiff's motion to waive the filing fees, ECF No. 11, is denied.

4. Plaintiff's motion to proceed *in forma pauperis*, ECF No. 14, is granted.

5. Within thirty days from the service of this order, plaintiff must either file an amended complaint or advise the court he wishes to stand by his current complaint. If he selects the latter option, I will recommend that this action be dismissed.

6. Failure to comply with this order will result in the dismissal of this action.

7. The Clerk of Court is directed to send plaintiff a new form complaint.

IT IS SO ORDERED.

Dated:   November 30, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE