UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANDRA KISHOR,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PARVINA BEN JILLIAN, *et al.*,<br><br>　　　　Defendants. | Case No.  2:23-cv-01584-KJM-JDP (PC)<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>FINDING THAT THE FIRST AMENDED COMPLAINT FAILS TO STATE A COGNIZABLE CLAIM AND RECOMMENDING THAT THIS ACTION BE DISMISSED<br><br>ECF No. 19<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

　　　Plaintiff, a state prisoner at California State Prison, Solano, brings this action alleging that defendants "simulated" a disease in his daughter. ECF No. 19 at 1. The allegations are frivolous, and I recommend that this action be dismissed without leave to amend.

**Screening Order**

**I.　Screening and Pleading Requirements**

　　　A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

1   claim upon which relief may be granted, or seeks monetary relief from a defendant who is
2   immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

3       A complaint must contain a short and plain statement that plaintiff is entitled to relief,
4   Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
5   face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not
6   require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.
7   662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere
8   possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not
9   identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
10  1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that
11  give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
12  n.2 (9th Cir. 2006) (en banc) (citations omitted).

13      The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404
14  U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it
15  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
16  would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
17  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
18  of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
19  1257 (9th Cir. 1997) (*quoting Ivey v. Bd. Of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

20      **II.    Analysis**

21      Plaintiff alleges that defendants "simulated" a disease in his daughter.  ECF No. 19 at 3.
22  Specifically, he appears to allege that they somehow created cystic fibrosis in her, a disease her
23  non-European ancestry would not otherwise support.  *Id.*  This allegation is frivolous, and the
24  remainder of the complaint fares no better.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (noting
25  that the term "'frivolous,' when applied to a complaint, embraces not only the inarguable legal
26  conclusion, but also the fanciful factual allegation").  Elsewhere, plaintiff alleges that defendant
27  Jillian, a nurse assistant at Sutter General Hospital, staged a robbery in his home in an attempt to
28  kill him and his daughter.  ECF No. 19 at 5.  He alleges that other, unidentified doctors and nurses

were complicit in this attempt. *Id.* This allegation is also frivolous and fanciful. In light of the frivolity of these allegations, I conclude that granting plaintiff further opportunities to amend is unwarranted.

Accordingly, it is RECOMMENDED that the amended complaint, ECF No. 19, be DISMISSED without leave to amend as frivolous and for failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   March 13, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3